IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY ROBINSON, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:19-cv-01507-C (BT) | |
| § | | |
| § | | |
| DALLAS COUNTY JAIL § | | |
| FACILITY, Et. AL, § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gregory Robinson, a pretrial detainee confined in the Dallas County Jail, brings this civil action under 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. The Court has not issued process pending judicial screening. Now, for the following reasons, the magistrate judge recommends the Court issue process as to Robinson's Equal Protection claim against Dallas County Sherriff Marian Brown and dismiss his remaining claims.

I.

In this lawsuit, Robinson alleges Defendants the Dallas County Jail Facility, the Lew Sterrett Justice Center, and the Dallas County Sheriff violated his civil rights by housing him in a Unit that was segregated by race

1

so that his Unit included only black inmates. He states this segregation occurred from February 21, 2019 until August 9, 2019. Robinson also states he chipped his tooth and required a stitch in his lip after he slipped on a wet floor in the Jail's gym. He states, "[h]ad the wet spot not been in the gym my tooth wouldn't been chipped nor one stitch in the lower lip." (ECF No. 9 at 2.) Robinson seeks release from jail, money damages, and repair of his chipped tooth.

## II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3)

2

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

**1.   Nonjural Entities**

Robinson named the Dallas County Jail Facility and the Lew Sterrett Justice Center as defendants. These defendants, however, are nonjural entities under § 1983. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). *See Lindley v. Bowles*, 2002 WL 1315466 at *2

(N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence); *Pantoja v. Dallas County Jail*, 2001 WL 1343437 (N.D. Tex. Oct. 31, 2001) (concluding neither the Dallas County Jail, nor its medical staff and medical department are separate legal entities subject to suit under § 1983). Because the Dallas County Jail Facility and the Lew Sterrett Justice Center are nonjural entities, these defendants should be dismissed.

### 2. **Dallas County Sheriff**

Robinson also named the Dallas County Sheriff's Office as a defendant. (*See* ECF No. 9 at 2.) The Court liberally construes Robinson's *pro se* pleading as a claim against Dallas County Sheriff Marian Brown. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'"). Claims lodged against a public official, like the Sheriff, in her "official capacity" are claims against the governmental entity the official represents—in this case, Dallas County. *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

For a municipality such as Dallas County to be liable under § 1983, a plaintiff must identify a policymaker, an official policy, and a violation of his constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing

4

*Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)). The Court construes Robinson's claim as identifying the Sheriff as the official policymaker and alleging that Dallas County had an official policy or custom of segregating inmates by race in violation of his constitutional rights.

A custom or policy of racially segregating inmates can violate the Equal Protection Clause of the Fourteenth Amendment. *See Lee v. Washington,* 88 U.S. 333 (1968) (per curiam); *Karl v. Collins*, 1995 WL 696704 at *1 (5th Cir. 1995) (per curiam) (citing *Williams v. Treen*, 671 F.2d 892, 902 (5th Cir. 1982)). Any such policy or custom is subject to strict scrutiny review. *Johnson v. California*, 543 U.S. 499, 515 (2005).

Robinson, however, would not be entitled to compensatory damages on this claim. Under 28 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Robinson does not allege a physical injury related to his Equal Protection claim. Section 1997e(e), however, does not bar nominal or punitive damages. *Pomier v. Leonard*, 532 F. App'x 553, 553 (5th Cir. 2013) (per curiam) (citing *Hutchins v. McDaniels*, 512 F.3d 193, 196-98 (5th Cir. 2007).

5

Taking Robinson's allegations as true, the Court is unable to determine at this point that the allegations are frivolous. Robinson's claim that Sheriff Brown violated his Equal Protection rights by placing him in a segregated cell from February 21, 2019 until August 9, 2019 should proceed and process should be issued as to Sheriff Brown on this claim.

### 3.   Slip and Fall

Robinson claims he slipped and fell due to a wet spot on the gym floor which caused him to chip his tooth and required a stitch in his lower lip.

The Fourteenth Amendment protects pre-trial detainees from conditions of confinement that constitute "punishment." Constitutional challenges by pre-trial detainees may be brought either as an attack on a "condition of confinement," or as an "episodic act or omission." *Flores v. County of Hardeman, Tex.,* 124 F.3d 736, 738 (5th Cir.1997) (citing *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 644 (5th Cir.1996) (en banc)). In a condition of confinement case, the attack is on the "general conditions, practices, rules or restrictions of pretrial confinement." *Hare,* 74 F.3d at 644. In an "episodic act or omission" case, the attack is on a particular act or omission of one or more officials, and the issue focuses on "whether [the] official breached his constitutional duty to tend to the basic human needs of persons in his charge." *Id.* at 645. Robinson's claim is fairly characterized as

6

an episodic act or omission claim. He does not attack a general prison practice or condition, but instead alleges that on one instance, there was a wet spot on the gym floor that caused him to slip and fall. Under an episodic act or omission case, "a prison official may be held liable . . . for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *See Pomier v. Leonard,* 532 F. App'x. 553, 554 (2013) (quoting *Farmer v. Brennan,* 511 U.S. 825, 847 (1994)).

Here, Robinson has failed to allege that any prison official was aware of the water spot on the floor or knew that Robinson faced a substantial risk of serious harm and that prison officials disregarded the risk. Further, to the extent Robinson raises a claim of negligence, negligence claims are not cognizable under § 1983. *See Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006) (stating "acts of negligence . . . do not constitute deliberate indifference"); *Coleman v. Sweetin,* 745 F.3d 756, 764–65 (5th Cir. 2014) (per curiam) (stating ordinary negligence does not implicate constitutional standards). This claim should therefore be dismissed.

### 4.   **Release from Confinement**

In one of his claims for relief, Robinson seeks release from confinement. This relief is not available under 42 U.S.C. § 1983. Such a

request is cognizable only in a habeas corpus action pursuant to 28 U.S.C. § 2241, *et seq. See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same). This claim should be dismissed.

### IV.

The magistrate judge recommends: (1) Robinson's claim that Sheriff Brown violated his constitutional rights by holding him in a segregated cell should proceed and process should issue as to this Defendant on this claim; and (2) Robinson's remaining claims should be dismissed under 28 U.S.C. § 1915A and § 1915(e).

Signed December 26, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

8

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).