IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY ROBINSON,<br>       Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:19-cv-01507-C (BT) |
| | § | |
| DALLAS COUNTY JAIL FACILITY,<br>et al.,<br>       Defendants. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Dallas County Sheriff Marian Brown's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (ECF No. 17). For the reasons stated, the Court should DENY the Motion.

I.

Plaintiff Gregory Robinson, a pretrial detainee confined in the Dallas County Jail, brings this *pro se* civil action under 42 U.S.C. § 1983. Succinctly stated, Robinson alleges that Sheriff Brown, acting in her official capacity, violated his Equal Protection rights by housing him in a racially-segregated unit that included only black inmates. Sheriff Brown moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Robinson's claims on the ground that he "affirmatively pleads, and judicially admits," that he did not exhaust his administrative remedies prior to filing suit. Alternatively, Sheriff Brown argues that Robinson's claims should be dismissed because 42 U.S.C. § 1997e(e) provides that no federal civil action may be brought by a prisoner confined in a correctional facility for mental or emotional

1

injury suffered while in custody without first showing a physical injury, and Robinson fails to allege a physical injury related to his equal protection claim. Robinson failed to respond to Sheriff Brown's motion. Therefore, the Court must consider the motion without the benefit of a response.

II.

Sheriff Brown brings her motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). When deciding a Rule 12(b)(6) motion, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). A plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

III.

Sheriff Brown argues that Robinson's complaint fails to state a claim because it affirmatively establishes that he failed to exhaust his administrative remedies prior to filing suit. Specifically, Sheriff Brown points out that Robinson checked "NO" in response to a question on the form complaint that asked whether he had exhausted all the steps of the institutional grievance procedure prior to filing suit. (ECF No. 3 at 3.) Sheriff Brown further notes that the form complaint also directed Robinson to "[a]ttach a copy of [his] final step of the grievance procedure with the response supplied by the institution," (*id.*), and Robinson failed to provide any documentation demonstrating compliance with the final step of the grievance procedure, (*id.* at 5, 7).

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires prisoners to exhaust administrative remedies before filing suits challenging prison conditions. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (exhaustion "is mandatory" under the PLRA). However, "failure to exhaust is an affirmative defense under the PLRA," so "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Moreover, district

3

courts cannot "sidestep *Jones* by requiring prisoners to affirmatively plead exhaustion." *Carbe v. Lappin*, 492 F.3d 325, 327–28 (5th Cir. 2007). This prohibition includes questions in "form complaint[s]" issued by district courts that are designed to elicit "information about [a prisoner's] exhaustion of administrative remedies." *Torns v. Miss. Dep't of Corrs.*, 301 F. App'x 386, 389 (5th Cir. 2008) (unpublished per curiam).

The Court should therefore deny Sheriff Brown's motion to dismiss because it cannot rely on Robinson's check-the-box answer to find that he failed to exhaust administrative remedies, *see id.*, and nothing else in the complaint itself clearly shows Robinson failed to exhaust administrative remedies. Sheriff Brown may renew her arguments in another procedural context, such as on a motion for summary judgment.

Sheriff Brown next argues that Robinson's complaint is also subject to dismissal under § 1997e(e) because he fails to plead a physical injury. Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" Here, Robinson fails to allege that discrimination in the Jail housing assignments caused him physical injury. This Court previously held that Fifth Circuit precedent did not bar Robinson's equal protection claim because § 1997e(e) does not preclude nominal or punitive damages. (ECF No. 10 at 5; ECF No. 11 at 1-2.) In reaching this conclusion, the Court relied on *Pomier v. Leonard*, 532 F. App'x 553, 553 (5th Cir.

4

2013) (per curiam) and *Hutchins v. McDaniels*, 512 F.3d 193, 196-98 (5th Cir. 2007). (ECF No. 10 at 5.) Sheriff Brown concedes that the Court correctly applied Fifth Circuit precedent, but she argues that *Hutchins* and its progeny were incorrectly decided. Sheriff Brown notes that in *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011), the Eleventh Circuit noted that although the Second, Fifth, and Eighth Circuits have held that § 1997e(e) bars only compensatory damages in the absence of physical injury, the D.C. Circuit and the Eleventh Circuit have concluded "that § 1997e(e) draws no such distinction between compensatory and punitive damages." *Al-Anin v. Smith*, 637 F.3d 1192, 1199 n.9 (11th Cir. 2011). Sheriff Brown argues that the Eleventh Circuit and the D.C. Circuit hold the better view because § 1997e(e) makes no distinction between compensatory, punitive, and nominal damages. In fact, Sheriff Brown contends that § 1997e(e) is clear that "no federal action may be brought" for mental or emotional injuries in the absence of a prior physical injury. The Court appreciates Sheriff Brown's argument, but declines to deviate from applying Fifth Circuit precedent.

IV.

For the foregoing reasons, the Court should DENY Defendant Sheriff Marian Brown's Motion to Dismiss.

Signed November 19 , 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).