IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY ROBINSON. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-1507-C (BT) |
| | § | |
| DALLAS COUNTY JAIL FACILITY, | § | |
| *et al.* | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Dallas County Sheriff Marian Brown's motion for summary judgment. (ECF No. 26.) For the following reasons, the Court should grant the motion and dismiss the plaintiff's claim without prejudice for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, *et seq*.

**Background**

*Pro se* plaintiff Gregory Robinson, an inmate in Dallas County Jail, filed this action on June 17, 2019, alleging that Dallas County Jail housed him in a racially-segregated unit that included only black inmates, violating his equal protection rights. (*See* ECF No. 3 at 3.) Following judicial screening, only Robinson's claim against Sheriff Brown in her official capacity remains. (*See* ECF No. 10.)

On November 24, 2021, Sheriff Brown filed a motion for summary judgment in which she argues that Robinson failed to exhaust his available administrative

remedies under the PLRA, necessitating dismissal of his claim. (*See* ECF No. 26). Robinson failed to file a response to the motion.

## Legal Standards

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the movant bears the burden of proving an affirmative defense at trial, "it must establish beyond dispute all of the defense's essential elements." *Bank of La. v. Aetna U.S. Healthcare, Inc.*, 468 F.3d 237, 241 (5th Cir. 1996) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2002)). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing Fed. R. Civ. P. 56(e); *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991)).

The party opposing the summary-judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (Lindsay, J.) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Esquivel*, 2016 WL 6093327, at *2 (citing *Ragas*, 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary-judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

Exhaustion—like abstention, finality, and ripeness—is a "rule of judicial administration" governing the time of federal court decision making. *See Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010). And since exhaustion of remedies is a "threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* (citation and footnote omitted).

## Analysis

Sheriff Brown contends that summary judgment is proper because Robinson did not exhaust his administrative remedies prior to filing suit in federal district

court, as required by the PLRA. (*See* ECF No. 27 at 5.) Under the PLRA, "prisoners are required to exhaust administrative remedies before filing suit: 'No action shall be brought with respect to prisoner conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir. 2004) (citing 42 U.S.C. § 1997(e)(a) (2000)). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002); *see also Alexander v. Tippah County, Miss.,* 351 F.3d 626, 630 (5th Cir. 2003). Exhaustion is mandatory and is strictly construed. *Days v. Johnson,* 322 F.3d 863, 866 (5th Cir. 2003). Administrative relief is "available" so long as the prison administrator has the authority to take some "action in response to a complaint," even if that relief does not provide the precise "remedial action an inmate demands to the exclusion of all other forms of redress." *Booth v. Churner,* 532 U.S. 731, 736 and n.6 (2001). The Fifth Circuit has held that "[w]hen a defendant asserts the defense of lack of exhaustion, the district court should rule on [the exhaustion issue] before allowing the case to proceed to the merits." *Nottingham v. Finsterwald,* 582 F. App'x 297, 297-98 (5th Cir. 2014) (citation omitted). And exhaustion must have occurred *before* the suit is filed. *Gonzalez v. Seal,* 702 F.3d 785, 788 (5th Cir. 2012).

To support the summary judgment motion, Sherriff Brown submitted copies of the pertinent Dallas County Jail System Inmate Handbooks, as well as an affidavit from the Dallas County Sheriff's Department's legal advisor, to which copies of Robinson's grievances are attached. (*See* ECF No. 28-1; ECF No. 28-2). When Robinson filed this suit in June 2019, the Dallas County Jail System Inmate Handbook established a three-step grievance procedure for inmates to complain about violations of civil rights, criminal actions by inmates or detention staff, the denial or failure to allow access to any privilege without just cause or due process, or a proscribed act by a jailer of staff. (*See* ECF No. 28-2 at 2.) At the first step, an inmate had to submit a grievance listing all relevant facts, dates, times, names etc. to the Inmate Grievance Board. (*See* ECF No. 28-2 at 2.) If dissatisfied with the response, the inmate could then appeal to the service manager of the quality assurance unit, and, if still dissatisfied after that, the inmate could appeal to the Executive Chief Deputy, whose decision was final. (*See* ECF No. 28-2 at 3.)[1]

Thus, it is undisputed that the Dallas County Jail offered a remedy for violations of civil rights. The uncontroverted evidence also shows that Robinson

---

[1] There were subsequent revisions to the inmate handbook in November 2019 and May 2021, but the three-level grievance process remains essentially the same: the inmate first must submit a grievance to the inmate grievance board, and, if dissatisfied, can appeal to the Quality Assurance Commander, and then, if still dissatisfied, he can appeal to the Assistant Chief Deputy, Special Services Bureau of the Sheriff's Department. (*See* ECF No. 28-2 at 5-13). At any rate, because administrative remedies must be exhausted before filing suit, the pertinent procedure to consider is the one in place when Robinson filed his complaint. *See*, *e.g.*, *Wilson v. Epps*, 776 F.3d 296, 300, and n.2 (5th Cir. 2015).

knew about the Dallas County Jail grievance procedure before he filed this suit, as he filed 3 grievances between December 12, 2018, and June 17, 2019. (*See* ECF No. 28-1 at 3-8.) None of those grievances though, had anything to do with racially-segregated units. (*See* ECF No. 28-1 at 3-8.) In fact, between December 12, 2018, and November 11, 2021, Robinson filed 106 pages of grievances, but none complained of racially-segregated units. (*See* ECF No. 28-1 at 3-108.) Robinson never provided a copy of any grievance about racially-segregated units. Indeed, he entirely failed to respond to Sheriff Brown's summary judgment motion and has made no effort to dispute her argument. Therefore, Sheriff Brown has satisfied her burden of proving the failure-to-exhaust affirmative defense. *See Shockley v. University of Texas Medical Branch*, 2009 WL 602568, at *4 (N.D. Tex. Mar. 9, 2009) ("By pointing the Court to the absence of such grievances, Defendants met their initial summary judgment burden to show there is no genuine issue of material fact that Plaintiff failed to his exhaust his administrative remedies."). Because there is no genuine issue of material fact that Robinson failed to exhaust, summary judgment is appropriate, and Robinson's claim should be dismissed without prejudice.

## Conclusion

The Court should grant Sheriff Brown's motion for summary judgment (ECF No. 26) and dismiss Robinson's claim without prejudice for failure to exhaust administrative remedies.

SO RECOMMENDED.

March 14, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).