IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY ROBINSON. § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:19-cv-1507-C (BT) |
| § | |
| DALLAS COUNTY JAIL § | |
| FACILITY, *et al.* § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Texas inmate Gregory Robinson's Motion to Proceed *In Forma Pauperis* on Appeal. (ECF No. 33.)[1] The motion should be denied for the following reasons.

I.

To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). When the underlying claims are

---

[1] While the filing does not specifically request leave to proceed *in forma pauperis* on appeal, the Court has liberally construed Robinson's complaints—that Dallas County Jail officials have refused to provide him a certified inmate trust account statement so that he can file an appeal—as seeking that relief.

1

"entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). The determination of whether good faith exists "is limited to whether the appeal involves legal points arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

## II.

Following judicial screening, the only claim that remained in this case was Robinson's claim against Sheriff Brown in her official capacity for housing him in a racially segregated unit in violation of his equal protection rights. (*See* ECF Nos. 3, 10.) Sheriff Brown moved for summary judgment on this claim, arguing that Robinson did not exhaust it before filing suit. (ECF No. 26.) Robinson did not respond to the motion for summary judgment. The undersigned United States magistrate judge then issued findings, conclusions, and a recommendation that the Court should grant Sheriff Brown's summary judgment motion. (ECF No. 29.) Robinson did not file objections to the recommendation. The Court accepted the recommendation and, on April 11, 2022, issued judgment dismissing

2

Robinson's claims without prejudice for failure to exhaust under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, *et seq.* (*See* ECF Nos. 30, 31.)

Robinson now seeks to appeal that judgment. The undersigned, finds, however, that an appeal of the April 11, 2022 judgment would be "entirely frivolous," and the Court should accordingly certify that the appeal is not taken in good faith. *Baugh,* 117 F.3d at 201-02. Robinson failed to argue in response to the summary judgment motion that he exhausted his administrative remedies, much less point to evidence creating a genuine issue of material fact on that issue. The appeal presents no legal point of arguable merit. *See Howard,* 707 F.2d at 220.

### III.

The Court should find that Robinson's appeal is not taken in good faith and DENY his motion for leave to proceed *in forma pauperis* on appeal.

If the Court denies Robinson's request to proceed *in forma pauperis* on appeal, he may challenge that finding by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit within 30 days from the date of the order denying his motion. *See Baugh,* 117 F.3d at 202; *see also* Fed. R. App. P. 24(a)(5).

Signed July 20, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).